**TIAN RONG ZHAO, Xiu Zhu Chen, Petitioners,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,\* Respondent.**

**Nos. 07–5262–ag (L), 07–5265–ag (Con).**

United States Court of Appeals, Second Circuit.

June 23, 2009.

Gary J. Yerman, New York, NY, for Petitioners.

Attorney General Michael B. Mukasey as respondent in this case.

Jeffrey S. Bucholtz, Acting Asst. Atty. General; Stephen J. Flynn, Senior Litigation Counsel; Thomas B. Fatouros, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN and Hon. PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioners Tian Rong Zhao and Xiu Zhu Chen, natives and citizens of the People's Republic of China, seek review of two November 2, 2007 orders of the BIA denying their motions to reopen. *In re Tian Rong Zhao*, No. A74 234 596 (B.I.A. Nov. 2, 2007); *In re Xiu Zhu Chen*, No. A97 977 631 (B.I.A. Nov. 2, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Petitioners' untimely motions to reopen.

Petitioners argue that the BIA erred in concluding that they failed to demonstrate material changed country conditions sufficient to excuse the time limitation for filing their motions to reopen or their *prima facie* eligibility for relief. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed

country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

Finally, the BIA's determination that Petitioners were ineligible to file successive asylum applications was not in error. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).